**After Recording Return To:**
CoreLogic SolEx
1625 NW 136th Ave, Ste E100
Sunrise, FL 33323
855-369-2410

**This Document Prepared By:**
CoreLogic SolEx
1625 NW 136th Ave, Ste E100
Sunrise, FL 33323

**Parcel ID Number: 19/4B/1/80**

_____ [Space Above This Line For Recording Data] _____

| | |
|---|---|
| Original Recording Date: **September 27, 2013** | Loan No: :7367 |
| Original Loan Amount: **$241,544.00** | Investor Loan No: '6702 |
| New Money: **$20,440.76** | MIN Number: |
| | FHA Case No.: |

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 28th day of October, 2021, between **CARLTON ROBERTS** whose address is **525 MAIN STREET, GOULDSBORO, PA 18424** ("Borrower") and **STEARNS LENDING, LLC, by LoanCare, LLC as agent under Limited POA** which is organized and existing under the laws of **The United States of America**, and whose address is **3637 Sentara Way, Virginia Beach, VA 23452** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of 1901 E. Voorhees Street, Suite C, Danville, IL 61834 or P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **September 20, 2013** and recorded in Book/Liber **2427**, Page **9821**, Instrument No: **201327020** and recorded on **September 27, 2013**, of the Official Records of **MONROE County, PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

      **3120 FERN RD, POCONO SUMMIT, PA 18346,**
      (Property Address)

the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**






HUD MODIFICATION AGREEMENT
8300h 01/14

(page 1 of 7)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **December 1, 2021,** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$211,874.83**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$11,690.72** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.125%**, from **December 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$907.62**, beginning on the **1st** day of **January, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **December 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a)




HUD MODIFICATION AGREEMENT
8300h 01/14

(page 2 of 7)

above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address of P.O. Box 2026, Flint, MI 48501-2026, and a street address of 1901 Voorhees Street, Suite C, Danville, IL 61834. The MERS telephone number is (888) 679-MERS.

9. This Agreement modifies an obligation secured by an existing security instrument recorded in MONROE County, PA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $191,434.07. The principal balance secured by the existing security instrument as a result of this Agreement is $211,874.83, which amount represents the excess of the unpaid principal balance of this original obligation.





HUD MODIFICATION AGREEMENT
8300h 01/14

(page 3 of 7)

_____  Date: 11/17/21
**CARLTON ROBERTS** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

COMMONWEALTH OF PENNSYLVANIA, _____Monroe_____ County ss:

On this, the __17__ day of __November__, 20__21__, before me, Notary Public, personally appeared **CARLTON ROBERTS**, satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires:_____


Commonwealth of Pennsylvania - Notary Seal
Timothy B. Fisher II, Notary Public
Monroe County
My commission expires October 27, 2024
Commission number 1050674
Member, Pennsylvania Association of Notaries

_____
Signature of Notary

TIMOTHY B. FISHER II
Title of Officer

Origination Company:
NMLSR ID:

HUD MODIFICATION AGREEMENT
8300h 01/14

(page 4 of 7)